## DePALMA v STATE
Ohio Appeals, 8th Dist, Cuyahoga Co
No 10131. Decided Oct. 28, 1929

**VICKERY, PJ.**

Now it is important to bear this in mind because the court admitted conversations and things that the girl said while she was being outraged by the friend of DePalma, when De Palma was not present and, of course, that would only be admissible upon the theory of a conspiracy. Now whenever there is evidence of a conspiracy either by circumstances or by direct proof tending to establish a conspiracy, whatever anyone of the conspirators said or did in furtherance of a conspiracy may be used as evidence against the other even though he was not present.

Now here were two boys that undertook to take those two girls home. They took one home and instead of taking the other one home, or taking her to De Palma's place, they took her into a lonely desolate spot and there both outraged her and they had some talk in Italian which she did not understand while they were going there, and De Palma got out of the automobile and went back behind it while the other man accomplished the purpose in outraging this girl. He then came back, apparently as though it was pre-arranged and he gratified his lust upon this girl likewise.

Now the whole circumstance here, the fact that they drove this girl out of the way and took her in the opposite direction when they said they were going to take her home, and the fact that they cooperated together in such unity in carrying out their nefarious enterprise, all go to bear upon the question that there was an agreement or arrangement between them which showed that they both had joined in this plan to commit this crime. The record shows in this case that the girl

resisted and was forcibly outraged against her will and that the man that she called to assist her under such circumstances not only did not assist her, but apparently aided his companion to do what he could not have done alone, if the girl's testimony is to be believed, that but for the help that DePalma gave the other man he would not have been able to accomplish his purpose, and then after that he calmly used this girl, and then says that it was voluntary on her part.

We think the evidence in this case clearly shows that this man was guilty of the crime of rape and that the court committed no error in permitting what she said to the associate, the man who had never been apprehended but fled from the authorities and is still absent from Cuyahoga County.

We think the verdict of the jury was justified and the judgment will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.